Judge Owsley
delivered the opinion.
Oo the 8th day of October, 1818, Ninian & Rezen Ridgway executed an obligation promising to pay Silas W. Robins $462 aad 17 cents on or before the 25th December, 1818.
After this obligation became payable, Collins, under an assignment purporting to have been made to him by Robins 4he 31st October, 1818, brought suit in his own tiame against the Ridgway’s on the obligation and finally ,, recovered judgment, at law, for the amount, with interest and cost.
The Ridgway’s then exhibited their bill iu equity with *411 aa injunction, for the purpose of being relieved from the Judgment. They charge, that although the obligation given by them to Robins purports to have been assigned by him to Collins, on the 31st of October 1818, it was not in fact assigned until subsequent to the 8th of December, 18)8 : that prior to that time Robins and a certain David Dodge had executed toa certain James Holly their obligation, binding themselves t« transfer to Holly twenty-two shares in the stock of the Commercial Bank of Winchester, before the first of October, 1818, but they failed to make the transfer, and that on the 7th of December, 1818, Holly, for a valuable consideration, assigned te,ibero ('be Kiugway’s) said obligation ; that, if in point of fact Robins had previously assigned his obligat ion to Collins before the 7lh of December, 1818, they, the Ridgway’s, had no notice of it until sometime after they procured the assignment from Holly. They moreover alledge that they, have since brought suit against Dodge and Robins on the obligation assigned by Holly, and have recovered judgement at law, but they own Dodge and Robins are insolvent and the money cannot be made. They make Collins, Robins and Dodge defendants, and ask for the judgment which they have recovered against Dodge & Robins to be set off and applied to the extinguishment of the judgment which Collins as the assignee of Robins has recovered against them, &c,
Collins, by bis answer, admits that the assignment was not made on the day it purports to have been made by Robins, but alledges he had contracted with Robins for the obligation, and when the assignment was made it wgs dated so as to accord with the contract which he had previously made with Itobins. He alledges that the Ridge-way’s were notified of the assignment before the 16th of Dec. 1818, but does not state the precise day when notice was given, &c:
Dodge and kobins also answered, but as their answers can avail nothing it> this contest, they need not be noticed,
file court below, on a fiu?l hearing, dissolved the Ridgway’s injunction with damages, and dismissed their bill with cost-
From that decree they have appealed to this court.
We are of opinion the decree of that court is correctf The only pretext which the Ridgway’s can have for resorting to equity is the alledged insolvency of Dodge & Rjpb- *412 ,⅛. For it ⅛ not pretended that there exista any connect *»°# between *.fre two obligations, and the jiidgniín-: re-By the Ridgeway’* at law, is not against the same' person who has obtained tbe judgment against them, and from; which they have sought to be relieved. The judgment which Collins has obtained against ¡be.n, appears, however, to have been recovered on an obligation given bj them to Robins, and, if they have alledged aod provea such án equity against Robins as wouíd nave tú-éu availing against him, before they were notified of the assignment to that must be Cojlirts.
ioranequit;. oblpee to availing a gains.t an mSt'be an existing one before Mslgl>
Hánson for áppellánt, Bibb contra.
’‡⅜⅛ wc apprehend has not, however, been done. For the absence of any connection between the demand now desired to be set off by the Ridgway’s, and the demand for Collins bias obtained judgment at law, it was important, for the purpose of shewing their equity against Robins, that the Ridgway’s should have alledged ánd pro-Robins to have been insolvent before Collins notified them of bis assignment. But in this they have totally failed. They have alledged Robins’ insolvency when they filed their bill, but they must bsve known of the assignment before then ; and they have proven be was insolvent when they took their depositions in this cause, but his being then insolvent does not shew that he was so when Collins notified them of his assignment.
Having therefore failed to shew that Robins was insolvent before they were notified of thé assignment by him to Collins, the Ridgway’s have failed to shew any equity as against Robins before they had notice of Collins’s assignment, and consequently they háve failed tó establish any equitable right of sett off against Collins’s judgment: For it is only vvhere the obligors equity arises before notice of assignment, that his equity cah be availing against the assignee. The decree must be affirmed With cost and damages on the damages decreed by the court below.